IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NEDSON DAVIS,

    Plaintiff,

vs.

JOSE M. VAZQUEZ, Warden;
BUREAU OF PRISONS, and
JOHNNY JOHNSON, Counselor,

    Defendants.

CIVIL ACTION NO.: CV207-076

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Federal Satellite Low in Jesup, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff has named the Bureau of Prisons ("BOP") as a Defendant in his Complaint and seeks to sue the BOP pursuant to 5 U.S.C. § 552a, the Privacy Act. Plaintiff asserts the BOP has used inaccurate records, and the use of these records has denied him consideration for a lower security level and other program placement. Plaintiff seeks $15,000 in damages from the Bureau of Prisons.

Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the execution of a sentence imposed on him by (or under the administrative system implementing the judgment of) a court. To the extent Plaintiff's claims against the BOP can be deemed a challenge to the execution of his sentence, his claims are more appropriately brought pursuant to 28 U.S.C. § 2241. See Cardoso v. Calbone, 490 F.3d 1194, ____ (10th Cir. 2007) (implicitly stating claims challenging the execution of a sentence are properly brought pursuant to section 2241).

To the extent Plaintiff is seeking monetary damages against the BOP for the alleged violation of the Privacy Act, Plaintiff's claims are without merit. Prison officials have "full discretion" to control a prisoner's classification and eligibility for programs offered in the federal system. Moody v. Dogett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279, 50 L. Ed. 2d 236 (1976). An inmate has no legitimate statutory or constitutional entitlement sufficient to invoke a due process claim based on the BOP's alleged improper classification status assigned to him. Id.

Plaintiff also names as a Defendant Jose Vazquez, the Warden at FCI Jesup. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has failed to make any factual allegations against Defendant Vazquez, and any claims against Defendant Vazquez should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Jose Vazquez and his monetary damages claims against the Bureau of Prisons be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims against the Bureau of Prisons which can be characterized as habeas corpus claims be **DISMISSED**, without prejudice.

So **REPORTED** and **RECOMMENDED**, this 15th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE