IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2008 AUG 18 AM 10:09

CLERK _____
SO. DIST. OF GA.

NEDSON DAVIS,

    Plaintiff,

vs.                                  CIVIL ACTION NO.: CV207-076

JOHNNY JOHNSON, Counselor,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 28 U.S.C.A. § 1331 and <u>Bivens vs. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), alleging that Defendants Johnson, Vazquez, and the Federal Bureau of Prisons ("FBP") violated his constitutional rights while he was incarcerated at Federal Correctional Institution ("FCI") Jesup.[1] On February 28, 2008, Johnson filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Johnson had filed a Motion for Summary Judgment and that a response must be filed by March 22, 2008. (Doc. No. 25). That Notice further advised Plaintiff that:

1.    If you do not timely respond to this motion. . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.    If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

---

[1] FBP was dismissed from this action in an Order dated January 3, 2008. (Doc. No. 19). Jose Vazquez was also dismissed from this action in the January 3, 2008, Order. (<u>Id.</u>).

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Johnson's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff asserts that the FCI Jesup staff filed inaccurate records on him as a result of racial and religious prejudice. Plaintiff further asserts that Defendant Johnson left Plaintiff's locker open after it was searched, allowing other inmates to steal his property. Plaintiff alleges this was done to discriminate against him because of his religious beliefs and as retaliation for filing complaints regarding the allegedly inaccurate information kept by FCI Jesup. Plaintiff further alleges that he developed ulcers as a result of facing daily retaliation by the prison staff. Plaintiff contends the destruction of his property and the physical injury he suffered were a violation of his First Amendment rights.

Johnson asserts that Plaintiff has failed to establish a First Amendment claim of retaliation. Johnson further asserts that due process is not violated even when an employee negligently deprives an individual of property, provided there is a meaningful post-deprivation remedy. Johnson contends that recovery for Plaintiff's alleged mental injury is precluded by the Prison Litigation Reform Act ("PLRA"). Johnson further contends that he is entitled to qualified immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Johnson asserts that Plaintiff was not individually targeted when the inmates' living quarters were searched. Johnson contends that Plaintiff's allegations, at best, rise to the level of negligence, which is insufficient to establish a constitutional violation. Johnson further contends that recovery for Plaintiff's alleged mental injury is precluded by the PLRA. Defendant asserts that he is entitled to qualified immunity.

Bivens and 28 U.S.C.A. § 1331 make actionable the conduct of "[e]very person" who, under color of federal law, causes constitutional deprivations. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. See Farrow v. West, 320 F. 3d 1235, 1248 (11th Cir. 2003). The Supreme Court has held that, "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." Hudson vs. Palmer, 468 U.S. 517, 531, 104 S. Ct. 3194, 3203 (1984).[2]

In support of his Motion for Summary Judgment, Johnson submitted an affidavit denying any knowledge of Plaintiff's administrative filings or having any memory of interacting with Plaintiff prior to August 4, 2006. (Doc. No. 24, Ex. B, ¶ 7). Johnson avers that he was unaware that the locker was assigned to Plaintiff and that Plaintiff was not targeted specifically during the August 4, 2006, search. (Id. at ¶ 7). Johnson further averred that Plaintiff's lock was found to be jammed during the August 4, 2006, search, and it is prison policy for prison staff to remove any locks that are unable to be

---

[2] While Hudson involved a state prisoner alleging a 42 U.S.C. § 1983 claim, this Circuit applies the same rationale to federal prisoners in Bivens actions. See Rodriguez-Mora v. Baker, 792 F. 2d 1524, 1527-1528 (11th Cir. 1986).

opened. (Id. at ¶ 4, 6). Johnson submitted a copy of the administrative remedy filed by Plaintiff on March 1, 2006. (Doc. No. 24, Ex. D). It is uncontested that the search of Plaintiff's locker took place on August 4, 2006.

Johnson asserts that he is entitled to Summary Judgment because Plaintiff has failed to establish that his actions on August 4, 2006, were designed to cause Plaintiff harm in retaliation for filing administrative grievances. Johnson contends that, other than vague references to a photograph and a religious publication, Plaintiff fails to provide any evidence or plausible argument to support his contention that Johnson's actions were designed to cause Plaintiff specific harm. Johnson further contends that the length of time between Plaintiff's filing his administrative remedy and the alleged retaliation precludes a finding that Plaintiff was retaliated against for the exercise of his First Amendment rights. Johnson asserts that, at best, Plaintiff's allegations rise to the level of negligence and a remedy would be appropriately sought through the Federal Tort Claims Act. Plaintiff has offered nothing to create a genuine issue of material fact. Johnson's affidavit establishes that Plaintiff was not retaliated against for filing administrative complaints and that Plaintiff was not discriminated against.

It is unnecessary to address the remaining grounds of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Johnson's unopposed Motion for Summary Judgment (Doc. No. 24) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of August, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE